UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID LAMONT,

    Petitioner,

vs.                                                                                  Case No. 5:11-cv-695-Oc-30TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #8) and Petitioner's reply (Dkt. #13). Upon review, the Court determines that the petition must be denied because it is untimely.

## BACKGROUND

The Petitioner was charged with one count of sexual battery upon a person under twelve years of age and one count of lewd or lascivious molestation of a child where the defendant is eighteen or older and the victim is less than twelve years of age. On May 28, 2008, the Petitioner was found guilty of both counts at jury trial. On July 7, 2008, Petitioner was sentenced on count one to life in prison and to a concurrent term of thirty years in prison on count two. Petitioner's judgment and sentence was *per curiam* affirmed on March 17, 2009. *See Lamont v. State*, 5 So. 3d 688 (Fla. 5th DCA 2009).

On June 24, 2010, Petitioner filed an initial Rule 3.850 motion for post-conviction relief. On July 8, 2010, the motion was dismissed, without prejudice, for legal and facial insufficiency.

1

Petitioner filed an amended motion for post-conviction relief on July 19, 2010. The final mandate on the Rule 3.850 motion was issued on September 15, 2011. Subsequently, Petitioner filed a Rule 3.800(b) motion to correct sentence on January 6, 2012.

On February 14, 2012, Petitioner filed the instant application for writ of habeas corpus. In response, the State of Florida states that the petition is untimely and subject to dismissal under 28 U.S.C. § 2244. In reply, Petitioner argues that he is entitled to equitable tolling of the one-year statute of limitations established by 28 U.S.C. § 2244 because of three reasons.

First, Petitioner points to his poor eyesight. Petitioner cited his need for cataract surgery in his left eye and additional right eye problems as early as his incarceration in December 2007. Petitioner received cataract surgery on March 3, 2010, and later received glasses on May 29, 2010. Second, Petitioner points to his psychological issues including depression. Finally, Petitioner argues the actions or omissions of his direct appeal counsel constitute grounds for equitable tolling. Specifically, Petitioner references a letter from his counsel, dated March 17, 2009. In the letter, Petitioner's counsel stated, "There is no basis to seek review of the District Court's decision by the Florida Supreme Court." (Dkt. #13). Petitioner contends that his counsel limited his options on appeal with this statement. Furthermore, Petitioner believes that his counsel should have noted the possibility of filing a petition for writ of habeas corpus and the time frame in which such a petition should be filed.

## **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for petitioners in state custody filing a 28 U.S.C. § 2254 writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period begins to run following the latest of four possible dates including "the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2).

When a petitioner pursues direct review to the Supreme Court, judgment becomes final when the Court affirms a conviction on the merits or denies the petition. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012). For all other petitioners, judgment becomes final when the time for seeking review in the Supreme Court or in state court expires. *See id.* at 653-54. If the Supreme Court has jurisdiction to review a direct appeal, the judgment becomes final ninety days after the conclusion of direct appeals at the state level. *See id.* at 656; Sup. Ct. R. 13.1.

## DISCUSSION

In the instant case, Petitioner's judgment and sentence was *per curiam* affirmed on March 17, 2009. Judgment became final on June 14, 2009, ninety days after the decision of the district court of appeal, when Petitioner's time to petition the Supreme Court for a writ of certiorari expired.

Petitioner did not file his initial Rule 3.850 motion for post-conviction relief until June 24, 2010. This motion was legally and facially insufficient, however, so Petitioner filed an amended motion on July 19, 2010. This amended motion was filed thirty-five days after the one-year statute of limitations had run. A state court motion that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001)(citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Thus, Petitioner's filing of his Rule 3.850 amended motion on July 19, 2010 did not toll the statute of limitations.

Section 2244 permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999)). Equitable tolling is applied sparingly, however. *See Steed*, 219 F.3d 1298 at 1300. The burden of establishing entitlement to this remedy rests with the petitioner. *See Drew v. Dept. of Corr.*, 297 F.3d 1278, 1287 (11th Cir. 2002).

Petitioner has argued that equitable tolling is justified in this case because of his poor eyesight, depression, and the actions or omissions of his counsel. Physical or mental incapacity only tolls the statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *See Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005). With regard to eyesight specifically, courts have found that blindness does not warrant equitable tolling. *See Smith v. Beightler*, 49 F. App'x 579, 580 (6th Cir. 2002); *Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *8 (S.D.N.Y 1999). With regard to mental incompetence, the Eleventh Circuit has held that a petitioner must establish a causal connection between the incompetence and the failure to file a timely application. *See Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005); *Fox v. McNeil*, 373 F. App'x 32, 34 (11th Cir. 2010). Equitable tolling is not justified without the showing of such a connection. *See id.* Finally, mere attorney negligence does not justify the application of equitable tolling. *See Steed*, 219 F.3d 1298 at 1300; *Sandvik*, 177 F.3d 1269 at 1270. This is especially true when the petitioner cannot establish his own diligence in determining the federal habeas deadline. *See Lawrence* 421 F.3d 1221 at 1226.

For this Court to permit equitable tolling of the one-year statute of limitations under 28 U.S.C. § 2244, Petitioner must have diligently pursued his rights in the face of extraordinary

circumstances preventing the filing of a timely petition. Here, Petitioner has not acted diligently. He did not file his amended Rule 3.850 motion for post-conviction relief until July 19, 2010. This was thirty-five days past June 14, 2010 - the date on which the one-year statute of limitations had run. Furthermore, Petitioner did not file his habeas corpus petition with this Court until February 14, 2012 – more than a year and seven months past this date. Petitioner's untimely application does not indicate sufficient diligence to warrant equitable tolling. Moreover, Petitioner has not set forth extraordinary circumstances to justify equitable tolling. Petitioner's physical and mental incapacities did not prevent him from filing a timely application. No causal connection was set forth between Petitioner's incapacities and his failure to file on time and the actions or omissions of Petitioner's counsel do not constitute grounds for equitable tolling. Petitioner made no indication why he could not have ascertained the filing deadline for the habeas petition, himself. The actions of Petitioner's counsel did not rise above mere negligence.

Upon consideration, the Court concludes that the instant petition for habeas corpus review is time barred under 28 U.S.C. § 2244. While it is unnecessary to proceed further in analyzing the specific claims made in support of this petition, the Court will briefly explain why the petition does not meet the requirements of 28 U.S.C. § 2254(d).

An application for writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits unless the adjudication: 1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law or 2) resulted in a decision that was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In the instant application for habeas review, Petitioner has raised the following five grounds for relief:

5

1. The trial court erred by limiting Appellant's cross-examination of a state witness.

2. The trial court erred by excluding corroborating impeachment evidence of victim's credibility.

3. The trial court erred in denying the Defendant's motion to exclude Williams Rule evidence.

4. The trial court erred in its ruling on other matters both pretrial and during the course of the trial and at sentencing.

5. Material and relevant evidence to be heard and considered by the jury was omitted or excluded by trial counsel.

The scope of cross-examination is limited to the requirements of the Sixth Amendment's guarantee of the right of confrontation. *See Mills v. Singletary*, 161 F.3d 1273, 1288 (11th Cir. 1998)(citing *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996)). The Confrontation Clause affords a criminal defendant the opportunity to impeach the testimony of a witness through cross-examination. *See Mills*, 161 F.3d 1273 at 1288. Under federal law, when a defendant has engaged in sufficient cross-examination to satisfy the requirements of the Sixth Amendment, further questioning is within the trial court's discretion. *See id.* (citing *United States v. Diaz*, 26 F.3d 1533, 1539 (11th Cir. 1994)). Here, Petitioner's attorney was allowed to cross-examine all witnesses. The trial court's limitation on re-cross-examination was within its discretion.

As to the claims of trial court error, federal courts generally do not review a state court's admission of evidence in habeas corpus proceedings. *See id.* at 1289 (citing *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992)). Courts do not grant habeas relief based on an evidentiary ruling unless the ruling undermines the fundamental fairness of the trial, which did not happen here. *See id.* (citing *Baxter v. Thomas*, 45 F.3d 1501, 1509 (11th Cir. 1995)).

As to the final claim regarding ineffective assistance of counsel, Petitioner does not specifically state what evidence trial counsel omitted or excluded. During Petitioner's evidentiary hearing on post-conviction relief, this claim was addressed. The post-conviction court's order provides:

> The defendant argues that the victim had previously made false allegations of being burned with a cigarette that were unfounded; that the victim and his brother called each other "faggot" routinely. The defendant avers that Mrs. Bird did not do an "in-depth" cross examination of the victim.
>
> On April 24, 2008, Mrs. Bird filed a motion to prevent the State from introducing evidence of other crimes. On May 23, 2008, Mrs. Bird filed a motion to exclude the video taped statement of the defendant. On May 19, 2008, defense counsel filed a motion in limine to prevent the State from introducing evidence that the defendant possessed sex toys. That same day Mrs. Bird filed a motion to exclude the sexual orientation of the defendant, to prevent the State from eluding to the fact that the defendant was homosexual. On May 23, 2008, a hearing was had on the defendant's motions in limine. The court denied the motion to exclude the *Williams* Rule evidence, but granted the motions to exclude the defendant's sexual orientation and to exclude the evidence of the defendant's possession of sex toys.
>
> The trial transcript reflects that the matter of the false allegations of the cigarette burns was also argued prior to trial, and that Mrs. Bird sought to get the evidence of the false allegations by the victim admitted into evidence.
>
> The trial transcript also reflects the testimony of the victim and the victim's brother regarding false allegations was proffered to the court outside the presence of the jury and the court ruled it was inadmissible.
>
> The trial transcript further reflects that Mrs. Bird's cross examination of the defendant and the defendant's brother was well within the realm of reasonableness and that the adversarial process worked in this case.
>
> At the evidentiary hearing, Mrs. Bird testified that she purposefully, as a tactical decision, stayed away from evidence of the two brothers taunting each other about being homosexual after finding the defendant's sex toys and learning that he was homosexual. Mrs. Bird also testified that she did not go into family dynamics in the case to the extent that the admissible evidence permitted her to do so. This testimony is supported by Mrs. Bird's closing argument in the case at trial.

7

> "Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct."

(Exhibit G at pp. 85-86)

The finding of fact by the post-conviction court that the omission of this evidence was trial strategy was well supported by the evidence. Strategic decisions are not ineffective assistance of counsel. Therefore, this claim fails. Thus, even if the Petition had been timely filed, none of the grounds listed therein would have had merit.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against Petitioner.

3. The Clerk is directed to terminate any pending motions and CLOSE this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*,

537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED this 29th day of June, 2012, at Tampa, Florida.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\Odd\2011\11-cv-695 Ocala deny 2254 Lamont.docx